**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIMMY D. BIZZELL, | No. 16-36031 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00401-JLR |
| v. | |
| KING COUNTY DEPARTMENT OF ADULT AND JUVENILE DETENTION, AKA RJC, Maleng Regional Justice Center, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted October 23, 2017**

Before: LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Jimmy D. Bizzell, a former pretrial detainee, appeals pro se from the district

court's judgment dismissing for failure to exhaust administrative remedies his 42

U.S.C. § 1983 action arising from his inability to access religious services, meals,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and head coverings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168-71 (summary judgment is proper procedural vehicle for determining exhaustion). We affirm.

Summary judgment was proper because Bizzell failed to raise a genuine dispute of material fact as to whether he properly exhausted administrative remedies or whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (describing limited circumstances under which administrative remedies are deemed unavailable); *Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that proper exhaustion is mandatory); *see also Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) ("[A] district court must dismiss a case without prejudice when there is no presuit exhaustion, even if there is exhaustion while suit is pending." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**